**HOROWITZ v. HERBERT, et al.**

Circuit Court, Dade County, Civil Appeal.

February 2, 1956.

Irving Cypen and Israel Abrams, both of Miami Beach, and Romeo J. Shepard, Jr., Miami, for appellant.

Hendricks & Hendricks, Miami, and Thomas H. Barkdull, Jr., Sibley & Davis, Miami Beach, for appellees.

VINCENT C. GIBLIN, Circuit Judge.

The appellant, Edward Horowitz, the plaintiff below, alleged and proved, without dispute, that he and the appellee, Jessie Herbert, the defendant below, entered into a written contract by which he agreed to sell, and she agreed to purchase, his lease-hold interest in a rooming house for $1,700; and that the defendant appellee did not pay the full amount of the agreed purchase price. The plaintiff-appellant's action in the court below was for the recovery of damages allegedly sustained by him as a result of the alleged breach of the contract by the defendant-appellee.

There was, however, no evidentiary basis for the recovery by the plaintiff-appellant of any damages other than nominal damages. If, therefore, the defendant-appellee had introduced no proof in support of her affirmative defense that her execution of the contract had been induced by the false and fraudulent representations of the plaintiff-appellant (as to the past income derived from his operation of the roominghouse) on which she had relied, the plaintiff-appellant's proof would have warranted no more favorable judgment than one for the recovery of nominal damages.

The trial judge (before whom the action was tried without a jury) obviously was in error in finding that "the plaintiff has failed by competent evidence to sustain the allegations of his complaint," but in my opinion the judgment appealed from should not be reversed merely for the purpose of permitting the recovery by the plaintiff-appellant of nominal damages (assuming that the defendant-appellee did not sustain her affirmative defense by competent, credible and adequate proof). The erroneous finding was of no real consequence.

While the challenged judgment was that the plaintiff-appellant "take nothing" and that the defendant-appellee "go hence without day," there was no provision for the recovery by her of any costs.

The rule by which I am impelled to the conclusion that the judgment should be affirmed is stated in 3 American Jurisprudence, at page 559: "The maxim, 'de minimis non curat lex,' is applied in determining upon the reversible character of the error.

The appellate courts have often refused to reverse a judgment for the defendant merely for the purpose of permitting the recovery of nominal damages, where no question of costs or no important principle or substantial right is involved."

It is ordered and adjudged that the judgment appealed from (entered in minute book 92, at page 204, of the records of the court below) be, and it is, affirmed.